UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>(1) TERRENCE PYRTLE, a/k/a "Big T," "T," and "big_t558", and<br>(2) ASHLEY ROOSTAIE, a/k/a "Lola," "dropdeadlola",<br><br>    Defendants | Criminal No. 23cr10116<br><br>Violations:<br><br>Count One: Conspiracy to Distribute and Possess with Intent to Distribute 500 Grams and More of Cocaine, 400 Grams and More of Fentanyl, 100 Grams and More of a Fentanyl Analogue, and Methamphetamine<br>(21 U.S.C. §§ 846, 841(b)(1)(A)(vi), 841(b)(1)(B)(ii), and 841(b)(1)(C))<br><br>Count Two: Possession with Intent to Distribute 500 Grams and More of Cocaine, 400 Grams and More of Fentanyl, 100 Grams and More of a Fentanyl Analogue, and Methamphetamine<br>(21 U.S.C. §§ 841(b)(1)(A)(vi), 841(b)(1)(B)(ii), and 841(b)(1)(C))<br><br>Count Three: Possession with Intent to Distribute 400 Grams and More of Fentanyl, 100 Grams and More of a Fentanyl Analogue<br>(21 U.S.C. § 841(b)(1)(A)(vi))<br><br>Count Four: Conspiracy to Commit Access Device Fraud and Aggravated Identity Theft<br>(18 U.S.C. § 371)<br><br>Counts Five-Eight: Access Device Fraud; Aiding and Abetting<br>(18 U.S.C. §§ 1029(a)(1) and 2)<br><br>Counts Nine-Twelve: Aggravated Identity Theft; Aiding and Abetting<br>(18 U.S.C. §§ 1028A(1)(a) and 2)<br><br>Forfeiture Allegation:<br>(18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461)<br><br>Drug Forfeiture Allegation:<br>(21 U.S.C. § 853) |

INDICTMENT

At all times relevant to this Indictment:

Introduction

1. Defendant TERRENCE PYRTLE ("PYRTLE") lived in Massachusetts.

2. PYRTLE utilized social media and had a social media account, which account is known to the Grand Jury.

3. Defendant ASHLEY ROOSTAIE ("ROOSTAIE") lived in Massachusetts.

4. ROOSTAIE utilized social media and had a social media account, which account is known to the Grand Jury.

5. Victim 1 was a real person who resided in Rhode Island, whose identity is known to the Grand Jury.

6. The Montaje Apartments ("Montaje") was a multi-unit apartment community located in Somerville, Massachusetts. A particular residential housing unit ("the Montaje Rental Property") was located within Montaje. The management company for Montaje was Greystar.

7. Lenox Farms Apartment ("Lenox Farms") was a multi-unit apartment community located in Braintree, Massachusetts. A particular residential housing unit ("the Lenox Farms Rental Property," collectively "the Rental Properties") was located within Lenox Farms. The management company for Lenox Farms was UDR, Inc.

8. Real Page was a third-party entity that processed lease application materials, lease agreements, and lease-related payments in connection with Lenox Farms or its management company (UDR, Inc.) and Montaje or its management company (Greystar).

9. Green Dot was an online bank.

10. At various times, PYRTLE and ROOSTAIE accessed, resided at, utilized, and had

custody and control of Montaje Rental Property and Lenox Farms Rental Property.

## Access Devices and Means of Identification

11. The term "access device," means any card, plate, account number, electronic serial number, mobile identification number, personal identification number, or other telecommunication service, equipment, or instrument identifier, or other means of account access that can be used alone or in conjunction with another access device to obtain money, goods, services, or any other thing of value, or that can be used to initiate a transfer of funds (other than a transfer originated solely by paper instrument).

12. A credit card or debit card is an "access device." A credit card is a thin plastic card that contains identification information and authorizes the person named on the credit card to make charges for which he or she will be billed periodically by the card issuer. A debit card looks, acts, and contains the same information as a credit card, but withdraws the money immediately from the card holder's affiliated bank account.

13. Each credit or debit card account has a unique account number issued to it, which typically contains the name and the PII of the account holder. A credit card or debit card account number is also an "access device." Credit card issuers, such as online banks like Green Dot, and some federally insured banks and credit unions, place personal information on each card by physically stamping or embossing information onto the card, such as the account number, the account holder's name, and the expiration date for the account. Credit card issuers and financial institutions also program the magnetic strip on the back of the card with the account holder's account number, name, and the expiration date for the account.

14. The term "unauthorized access device" means any access device that is lost, stolen, expired, revoked, canceled, or obtained with intent to defraud.

3

15. The term "means of identification" includes any name or number that may be used, alone or in conjunction with any other information, to identify a specific individual, including any access device.

16. A Social Security number is a unique number issued by the U.S. Social Security Administration to a specific individual. A Social Security number constitutes a means of identification.

17. A credit card or debit card account number is an access device, which constitutes a means of identification.

Objects and Purposes of the Conspiracy

18. The objects of the conspiracy were to commit access device fraud and aggravated identity theft. The principal purposes of the conspiracy were to utilize Victim 1's personally identifiable information (collectively, "PII") to obtain and to maintain the Montaje Rental Property and the Lenox Farms Rental Property, and to conceal PYRTLE's and ROOSTAIE's connection to and use of the Montaje Rental Property and the Lenox Farms Rental Property because PYRTLE used these locations for manufacturing, possessing, and distributing controlled substances.

Manner and Means of the Conspiracy

19. Among the manner and means by which PYRTLE, ROOSTAIE, and their co-conspirators carried out the objectives of the conspiracy were the following:

    a. Acquiring the PII of Victim 1, including Victim 1's name, date of birth, and Social Security number.

    b. Using the PII of Victim 1 to submit applications to rent or lease apartments, without the knowledge, approval, and consent of Victim 1.

    c. Obtaining and maintaining control of apartments rented or leased using the

        PII of Victim 1, without the knowledge, approval, and consent of Victim 1.

    d.    Using the PII of Victim 1 to obtain and use a Green Dot card ending in account number -1277, without the knowledge, approval, and consent of Victim 1.

    e.    Using the Green Dot card ending in account number -1277 to make apartment-related payments in connection with the Montaje Rental Property and Lenox Farm Rental Property.

    f.    Concealing PYRTLE's and ROOSTAIE's connection to and use of the Monatje Rental Property and the Lenox Farms Rental Property, each of which was used as a locus of drug trafficking.

<u>Overt Acts in Furtherance of the Conspiracy</u>

20.    On various dates between no later than May 2021 and January 2022, PYRTLE, ROOSTAIE, and others known and unknown to the Grand Jury committed and caused to be committed the following acts, among others, in furtherance of the conspiracy:

21.    As part of the application, screening, and rental process for the Montaje Rental Property, PYRTLE and ROOSTAIE created, or caused to be created, a Gmail account, using Victim 1's name.

22.    On or about May 26, 2021, ROOSTAIE and PYRTLE transmitted Victim 1's name, date of birth, and Social Security number in connection with an online leasing application for the Montaje Rental Property.

23.    On or about June 1, 2021, ROOSTAIE and PYRTLE entered into an apartment lease contract, under Victim 1's name, in connection with the Montaje Rental Property with a lease start date of June 3, 2021.

24. On or about June 1, 2021, ROOSTAIE and PYRTLE obtained and activated a Green Dot account, with number ending in -1277, using Victim 1's name and other identifying information.

25. On or about June 1, 2021, ROOSTAIE and PYRTLE used the Green Dot account to make an insurance-related payment in connection with the Montaje Rental Property.

26. As part of the application, screening, and rental process for the Lenox Farms Rental Property, PYRTLE and ROOSTAIE used, or caused to be used, the Gmail account using Victim 1's name.

27. On or about September 9, 2021, ROOSTAIE and PYRTLE transmitted Victim 1's name, date of birth, and Social Security number in connection with an online leasing application for the Lenox Farms Rental Property.

28. As part of the application and screening process for the Lenox Farms Rental Property, on or about September 16, 2021, PYRTLE and ROOSTAIE provided Real Page with, among other things, a copy of a purported Rhode Island driver's license containing Victim 1's information but depicting a photograph of another person, along with an application listing, among other things, Victim 1's name, Social Security number, and date of birth.

29. On or about September 9, 2021, ROOSTAIE and PYRTLE entered into an apartment lease contract, under Victim 1's name, in connection with the Lenox Farms Rental Property with a lease start date of September 17, 2021.

30. On or about September 9, 2021, ROOSTAIE and PYRTLE used the Green Dot account, obtained using Victim 1's name and other identifying information, to make an apartment-related payment in connection with the Lenox Farms Rental Property.

31. On or about September 14, 2021, ROOSTAIE and PYRTLE used the Green Dot

account, obtained using Victim 1's name and other identifying information, to make an apartment-related payment in connection with the Lenox Farms Rental Property.

32. On or about September 14, 2021, ROOSTAIE and PYRTLE used the Green Dot account, obtained using Victim 1's name and other identifying information, to make an insurance-related payment in connection with the Lenox Farms Rental Property.

33. On or about September 16, 2021, ROOSTAIE and PYRTLE used the Green Dot account, obtained using Victim 1's name and other identifying information, to make a utility-related payment in connection with the Lenox Farms Rental Property.

34. On or about October 11, 2021, ROOSTAIE and PYRTLE used the Green Dot account, obtained using Victim 1's name and other identifying information, to make an apartment-related payment in connection with the Lenox Farms Rental Property.

## COUNT ONE
### Conspiracy to Distribute and Possess with Intent to Distribute 500 Grams and More of Cocaine, 400 Grams and More of Fentanyl, 100 Grams and More of a Fentanyl Analogue, and Methamphetamine
### (21 U.S.C. §§ 846, 841(b)(1)(A)(vi), 841(b)(1)(B)(ii), and 841(b)(1)(C))

The Grand Jury charges:

35. From a time unknown to the Grand Jury, and continuing until at least January 2022, in Braintree and Somerville, in the District of Massachusetts, and elsewhere, the defendant,

TERRENCE PYRTLE, a/k/a "Big T," "T," and "big_t558",

conspired with other persons known and unknown to the Grand Jury, to knowingly and intentionally distribute and possess with intent to distribute a mixture and substance containing a detectable amount of cocaine, a Schedule II controlled substance, a mixture and substance containing a detectable amount of N-phenyl-N-[1-(2-phenyl-ethyl)-4-piperidinyl] propanamide, also known as fentanyl, a Schedule II controlled substance, a mixture and substance containing a detectable amount of any analogue of N-phenyl-N-[1-(2-phenyl-ethyl)-4-piperidinyl] propanamide, also known as fentanyl, a Schedule II controlled substance, and a mixture and substance containing a detectable amount of methamphetamine, a Schedule II controlled substance, in violation of Title 21, United States Code, Section 841(a)(1).

36. It is further alleged that the offense charged in Count One involved 400 grams and more of a mixture and substance containing a detectable amount of N-phenyl-N-[1-(2-phenyl-ethyl)-4-piperidinyl] propanamide, also known as fentanyl, a Schedule II controlled substance, and 100 grams and more of a mixture and substance containing a detectable amount of any analogue of N-phenyl-N-[1-(2-phenyl-ethyl)-4-piperidinyl] propanamide, also known as fentanyl, a Schedule II controlled substance. Accordingly, Title 21, United States Code, Section 841(b)(1)(A)(vi) is applicable to this Count.

37. It is further alleged that, with respect to Count One, 400 grams and more of a mixture and substance containing a detectable amount of N-phenyl-N-[1-(2-phenyl-ethyl)-4-piperidinyl] propanamide, also known as fentanyl, a Schedule II controlled substance, and 100 grams and more of a mixture and substance containing a detectable amount of any analogue of N-phenyl-N-[1-(2-phenyl-ethyl)-4-piperidinyl] propanamide, also known as fentanyl, a Schedule II controlled substance, were reasonably foreseeable by, and are attributable to, TERRENCE PYRTLE. Accordingly, Title 21, United States Code, Section 841(b)(1)(A)(vi), is applicable to TERRENCE PYRTLE.

38. It is further alleged that the offense charged in Count One involved 500 grams and more of a mixture and substance containing a detectable amount of cocaine, a Schedule II controlled substance. Accordingly, Title 21, United States Code, Section 841(b)(1)(B)(ii) is applicable to this Count.

39. It is further alleged that, with respect to Count One, 500 grams and more of a mixture and substance containing a detectable amount of cocaine, a Schedule II controlled substance, were reasonably foreseeable by, and are attributable to, TERRENCE PYRTLE. Accordingly, Title 21, United States Code, Section 841(b)(1)(B)(ii), is applicable to TERRENCE PYRTLE.

All in violation of Title 21, United States Code, Section 846.

## COUNT TWO
Possession with Intent to Distribute 500 Grams and More of Cocaine, 400 Grams and More of Fentanyl, 100 Grams and More of a Fentanyl Analogue, and Methamphetamine
(21 U.S.C. §§ 841(a)(1), 841(b)(1)(A)(vi), 841(b)(1)(B)(ii), and 841(b)(1)(C))

The Grand Jury further charges:

40. On or about January 25, 2022, in Braintree, in the District of Massachusetts, and elsewhere, the defendant,

TERRENCE PYRTLE, a/k/a "Big T," "T," and "big_t558",

did knowingly and intentionally possess with intent to distribute 500 grams and more of a mixture and substance containing a detectable amount of cocaine, a Schedule II controlled substance, 400 grams and more of a mixture and substance containing a detectable amount of N-phenyl-N-[1-(2-phenyl-ethyl)-4-piperidinyl] propanamide, also known as fentanyl, a Schedule II controlled substance, 100 grams and more of a mixture and substance containing a detectable amount of any analogue of N-phenyl-N-[1-(2-phenyl-ethyl)-4-piperidinyl] propanamide, also known as fentanyl, a Schedule II controlled substance, and a mixture and substance containing a detectable amount of methamphetamine, a Schedule II controlled substance.

All in violation of Title 21, United States Code, Sections 841(a)(1), 841(b)(1)(A)(vi), 841(b)(1)(B)(ii), and 841(b)(1)(C).

## COUNT THREE
Possession with Intent to Distribute 400 Grams and More of Fentanyl, 100 Grams and More of a Fentanyl Analogue
(21 U.S.C. §§ 841(a)(1), and 841(b)(1)(A)(vi))

The Grand Jury further charges:

41. On or about January 25, 2022, in Somerville, in the District of Massachusetts, and elsewhere, the defendant,

TERRENCE PYRTLE, a/k/a "Big T," "T," and "big_t558",

did knowingly and intentionally possess with intent to distribute 400 grams and more of a mixture and substance containing a detectable amount of N-phenyl-N-[1-(2-phenyl-ethyl)-4-piperidinyl] propanamide, also known as fentanyl, a Schedule II controlled substance, and 100 grams and more of a mixture and substance containing a detectable amount of any analogue of N-phenyl-N-[1-(2-phenyl-ethyl)-4-piperidinyl] propanamide, also known as fentanyl, a Schedule II controlled substance.

All in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(A)(vi).

## COUNT FOUR
### Conspiracy to Commit Access Device Fraud and Aggravated Identity Theft
### (18 U.S.C. § 371)

42. The Grand Jury re-alleges and incorporates by reference paragraphs 1-34 of this Indictment.

43. Beginning no later than May 2021 and continuing until on or about January 25, 2022, in Somerville and Braintree, in the District of Massachusetts, and elsewhere, the defendants,

(1) TERRENCE PYRTLE, a/k/a "Big T," "T," and "big_t558", and
(2) ASHLEY ROOSTAIE, a/k/a "Lola," "dropdeadlola",

conspired with each other, and with others known and unknown to the Grand Jury, to commit an offense against the United States, to wit:

a. access device fraud, in violation of Title 18, United States Code, Section 1029(a)(1), that is, knowingly and with the intent to defraud, produced, used, and trafficked in an unauthorized access device, and said production, trafficking, and use affected interstate and foreign commerce; and

b. aggravated identity theft, in violation of 18 U.S.C. § 1028A(a)(1), that is, did knowingly transfer, possess, and use, without lawful authority, the means of identification of another person, that is, the name, date of birth, and Social Security number of Victim 1, during and in relation to a felony violation enumerated in 18 U.S.C. § 1028A(c), that is, Title 18, United States Code, Section 1029(a)(1).

All in violation of Title 18, United States Code, Section 371.

## COUNTS FIVE-EIGHT
Access Device Fraud; Aiding and Abetting
(18 U.S.C. §§ 1029(a)(1) and 2)

The Grand Jury further charges:

44. The Grand Jury re-alleges and incorporates by reference paragraphs 1-34 of this Indictment.

45. On or about the dates listed below, in the District of Massachusetts and elsewhere, the defendants,

(1) TERRENCE PYRTLE, a/k/a "Big T," "T," and "big_t558", and
(2) ASHLEY ROOSTAIE, a/k/a "Lola," "dropdeadlola",

knowingly and with the intent to defraud, produced, used, and trafficked in an unauthorized access device described below, and said production, trafficking, and use affected interstate and foreign commerce:

| Count | Approximate Date | Unauthorized Access Device | Transaction Information |
|---|---|---|---|
| Five | 5/26/2021 | Victim 1's Social Security number | Submitted fraudulent lease application with Victim 1's name and Social Security number, in connection with the Montaje Rental Property |
| Six | 9/9/2021 | Victim 1's Social Security number | Submitted fraudulent lease application with Victim 1's name and Social Security number, in connection with the Lenox Farms Rental Property |
| Seven | 9/14/2021 | Green Dot card account ending in -1277 and using Victim 1's PII | Transmitted $1,789.07 payment in connection with the Lenox Farms Rental Property |
| Eight | 10/11/2021 | Green Dot card account ending in -1277 and using Victim 1's PII | Transmitted $3,110.66 purchase in connection with the Lenox Farms Rental Property |

All in violation of Title 18, United States Code, Sections 1029(a)(1) and 2.

## COUNTS NINE-TWELVE
### Aggravated Identity Theft; Aiding and Abetting
### (18 U.S.C. §§ 1028A(a)(1) and 2)

The Grand Jury further charges:

46. The Grand Jury re-alleges and incorporates by reference paragraphs 1-34 of this Indictment.

47. On or about the dates listed below, in the District of Massachusetts and elsewhere, the defendants,

(1) TERRENCE PYRTLE, a/k/a "Big T," "T," and "big_t558", and
(2) ASHLEY ROOSTAIE, a/k/a "Lola," "dropdeadlola",

did knowingly transfer, possess, and use, without lawful authority, the means of identification of another person, that is, the name, date of birth, and Social Security number of Victim 1, during and in relation to a felony violation enumerated in 18 U.S.C. § 1028A(c), that is, Title 18, United States Code, Section 1029(a)(1), as charged in Counts Five through Eight:

| Count | Approximate Date | Means of Identification | Transaction Information |
|---|---|---|---|
| Nine | 5/26/2021 | Victim 1's Social Security number | Submitted fraudulent lease application with Victim 1's name and Social Security number, in connection with the Montaje Rental Property |
| Ten | 9/9/2021 | Victim 1's Social Security number | Submitted fraudulent lease application with Victim 1's name and Social Security number, in connection with the Lenox Farms Rental Property |
| Eleven | 9/14/2021 | Green Dot card account ending in -1277 and using Victim 1's PII | Transmitted $1,789.07 purchase in connection with the Lenox Farms Rental Property |
| Twelve | 10/11/2021 | Green Dot card account ending in -1277 and using | Transmitted $3,110.66 purchase in connection with Lenox Farms Rental Property |

| Count | Approximate Date | Means of Identification | Transaction Information |
|---|---|---|---|
|  |  | Victim 1's PII |  |

All in violation of Title 18, United States Code, Sections 1028A(a)(1) and 2.

## FORFEITURE ALLEGATION
(18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c))

48. Upon conviction of one or more of the offenses in violation of Title 18, United States Code, Sections 371 and 1029, set forth in Counts Four through Eight of this Indictment, the defendants herein,

> (1) TERRENCE PYRTLE, a/k/a "Big T," "T," and "big_t558", and
> (2) ASHLEY ROOSTAIE, a/k/a "Lola," "dropdeadlola",

shall forfeit to the United States, pursuant to Title 18, United States Code, Section 981(a)(1)(C), and Title 28, United States Code, Section 2461(c), any property, real or personal, which constitutes or is derived from proceeds traceable to the offense.

49. If any of the property described in Paragraph 48, above, as being forfeitable pursuant to Title 18, United States Code, Section 981(a)(1)(C), and Title 28, United States Code, Section 2461(c), as a result of any act or omission of the defendant—

   a. cannot be located upon the exercise of due diligence;

   b. has been transferred or sold to, or deposited with, a third party;

   c. has been placed beyond the jurisdiction of the Court;

   d. has been substantially diminished in value; or

   e. has been commingled with other property which cannot be divided without difficulty;

it is the intention of the United States, pursuant to Title 28, United States Code, Section 2461(c), incorporating Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of the defendant up to the value of the property described in Paragraph 48 above.

All pursuant to Title 18, United States Code, Section 981(a)(1)(C), and Title 28, United States Code, Section 2461(c).

## DRUG FORFEITURE ALLEGATION
### (21 U.S.C. § 853)

The Grand Jury further finds:

50. Upon conviction of one or more of the offenses in violation of 21 U.S.C. Section 841 and 846, set forth in Counts One through Three, the defendant,

TERRENCE PYRTLE, a/k/a "Big T," "T," and "big_t558",

shall forfeit to the United States, pursuant to Title 21, United States Code, Section 853, any property constituting, or derived from, any proceeds obtained, directly or indirectly, as a result of such offenses; and any property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, such offenses. The property to be forfeited includes, but is not limited to, the following assets:

   a. a gold chain, seized on or about January 25, 2022,
   b. $50,382 U.S. currency, seized on or about January 25, 2022,
   c. $5,290 U.S. currency, seized on or about January 25, 2022,
   d. a black Louis Vuitton bag, seized on or about January 25, 2022,
   e. a black Apple iPhone with a clear case, seized on or about January 25, 2022,
   f. a black AT&T Alcatel flip-phone, seized on or about January 25, 2022,
   g. a black AT&T Alcatel flip-phone, seized on or about January 25, 2022,
   h. a black Apple iPhone, seized on or about January 25, 2022,
   i. a black Alcatel flip-phone, seized on or about January 25, 2022,
   j. a blue Apple iPhone, seized on or about January 25, 2022,
   k. a black Apple iPhone, seized on or about January 25, 2022,
   l. a silver Apple iPhone, seized on or about January 25, 2022,
   m. a red Apple iPhone with a black and clear case, seized on or about January 25, 2022,
   n. a blue Apple iPhone with a black case, seized on or about January 25, 2022,
   o. a black Apple iPhone, seized on or about January 25, 2022,

51. If any of the property described in Paragraph 50, above, as being forfeitable pursuant to Title 21, United States Code, Section 853, as a result of any act or omission of the defendant --

   a. cannot be located upon the exercise of due diligence;

    b. has been transferred or sold to, or deposited with, a third party;

    c. has been placed beyond the jurisdiction of the Court;

    d. has been substantially diminished in value; or

    e. has been commingled with other property which cannot be divided without difficulty;

it is the intention of the United States, pursuant to Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of the defendant up to the value of the property described in Paragraph 50 above.

    All pursuant to Title 21, United States Code, Section 853.

A TRUE BILL

FOREPERSON

KAITLIN R. O'DONNELL
ASSISTANT UNITED STATES ATTORNEY
DISTRICT OF MASSACHUSETTS

District of Massachusetts: April __19__, 2023
Returned into the District Court by the Grand Jurors and filed.

DEPUTY CLERK